ROGERS, Justice.
 

 On a rule filed July 26, 1941, by Earl R. Graham and his five co-plaintiffs, this Court issued an order directed to George B. Campbell, publisher and editor of the Hammond Vindicator, to show cause why he should not be held in contempt of this Court and its authority.
 

 The Hammond Vindicator is a newspaper published weekly in the City of Hammond, Parish of Tangipahoa. The plaintiffs in rule are. the six citizens and taxpayers who, on June 30, 1941, obtained a favorable decision by this Court in their suit asserting the unconstitutionality of Act 384 of 1940, commonly known as the Reorganization Amendment. They allege, in substance, that while the application for
 
 *182
 
 rehearing was pending, the respondent Campbell printed, published or circulated, or caused to be printed, published or circulated a certain editorial in the Parish of Tangipahoa, State of Louisiana; that the purpose of the respondent was to prejudice their right to obtain an impartial judgment, to inflame the minds of the public, and to intimidate and browbeat this Court and obstruct justice.
 

 Plaintiffs in rule attached thereto a copy of the issue of the Hammond Vindicator bearing the date of July 18, 1941, and they directed special attention to the editorial appearing on page two thereof entitled “Write the Governor Today,” as containing inflammatory statements concerning their suit pending in this Court.
 

 The respondent Campbell did not file any answer to the rule for contempt. On the return day fixed in the rule, he appeared personally in open Court and stated orally that he was not the writer of the editorial complained of and was. not responsible therefor. Respondent stated that the editorial was written by Thomas S. Ellis, and that-he had merely printed it in his newspaper as had the publishers of two other newspapers circulated in the Parish of Tangipahoa. In connection with his statement, he filed a copy of the issue, dated July 18, 1941, of the Enterprise, a -newspaper published in the Town of Ponchatoula and a copy of the issue dated July 31, 1940, of the Progress, a newspaper published in the Town of Amite. The article as it appears in the three newspapers shows on its face that it was written by Thomas S. Ellis.
 

 It is not necessary for the purpose of this decision .to reproduce the editorial in whole or in part. It suffices to say that it contains a vicious attack on the Judge of the District Court and the five Justices of this Court who held that the reorganization amendment was unconstitutional, stating that they had permitted a mere technicality to outweigh the will of the people. The writer declared that the opinion of this Court, with which no sound lawyer could agree, “unless reversed, will ever be a dark blot on the escutcheon of Louisiana jurisprudence.” The writer further declared that a plan of action was being formulated which, if the decision of this Court became final, would be submitted to the people and if followed through, would give them the free ' democratic government for which they had already expressed their preference and had enjoyed for so short a time. The writer proclaimed that the Governor would lead the people in the fight, and he appealed to them to write the Governor assuring him of their support and that they still wanted honest government in Louisiana.
 

 The editorial is not so much a criticism of this Court as it is an attempt to intimidate the five Justices who subscribed thereto. We can not - therefore regard the editorial in any other light than as calculated to embarrass the administration of justice and as falling directly within the category of punishable contempt as defined at the time of its publication. The fact that the respondent Campbell was not the writer of the editorial would not have absolved him from responsibility there
 
 *184
 
 for, since he reproduced and published it as an editorial in his newspaper.
 

 However, under the decision of the Supreme Court of the United States in the Bridges v. California and Times-Mirror Company v. Superior Court case, this proceeding for contempt against respondent must be discharged. 62 S.Ct. 190, 86 L.Ed. -. As we have pointed out in our opinion handed down today on the rules for contempt against the three New Orleans newspapers, 7 So.2d 688, the decision of the Supreme Court of the United States in matters of contempt has repudiated the test of reasonable tendency heretofore prevailing and has substituted therefor the test of clear and present danger. Applying that test to the publication under review, we are bound to hold that there was no clear and present danger that, the editorial would or could sway the five members of this Court from acting according to their convictions in declaring that the Reorganization Amendment was unconstitutional.
 

 For the reasons assigned, the rule for contempt herein instituted against George B. Campbell is discharged.